1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   COREY WILLIAMS,                          No.  1:17-cv-01739-DAD-SKO HC

12              Petitioner,

13        v.                                  **FINDINGS AND RECOMMENDATIONS
                                              TO GRANT PETITIONER'S MOTION TO
14   BRANDON PRICE, et al.,                   DISMISS PETITION WITHOUT
                                              PREJUDICE FOR FAILURE TO
15              RESPONDENT.                    EXHAUST STATE JUDICIAL REMEDIES**

16                                            **(Doc. 21)**

17

18        Petitioner, Corey Williams, is a state prisoner proceeding *pro se* with a petition for writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Petitioner presents one ground for

20   habeas relief: his procedural due process rights were violated when his mental health diagnosis

21   was changed.  The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. §

22   636(b)(1) and Local Rules 302 and 304.  Currently before the Court are both Petitioner and

23   Respondent's motions to dismiss.  (Docs. 20, 21.)  Having reviewed the record and applicable

24   law, the undersigned recommends that the Court grant Petitioner's motion to dismiss the petition

25
     without prejudice for failure to exhaust state judicial remedies.[1]
26

27   _____

28   [1] The undersigned's recommendation to grant Petitioner's motion to dismiss renders Respondent's motion to dismiss
     moot; therefore, the Court will not reach the merits of Respondent's motion to dismiss.

                                              1

## I. Procedural Background

On December 22, 2017, Petitioner filed his petition for writ of habeas corpus with this Court. (Doc. 1.) On January 9, 2018, United States Magistrate Judge Jennifer L. Thurston ordered Respondent to file a response to the petition. (Doc. 6.) Respondent filed a motion to dismiss on June 19, 2018, contending the petition should be dismissed because Petitioner failed to exhaust state judicial remedies. (Doc. 20.) On June 28, 2018, Petitioner filed a "Motion for Dismissal Without Prejudice," moving to voluntarily dismiss his petition without prejudice so he may "cure procedural judicial defects in the state courts." (Doc. 21.) Respondent did not file a response to Petitioner's motion to dismiss.

## II. Petitioner Did Not Exhaust His State Judicial Remedies on his Procedural Due Process Claim

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). If any of grounds for collateral relief set forth in a petition for habeas corpus are unexhausted, the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22. Here, Petitioner did not present his claim to the state court.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is established that it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds in Fay v. Noia*, 372 U.S. 391 (1963); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). *See also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice* 276 F.3d 478, 481 (9th Cir. 2001) (both holding that when none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition).

Because Petitioner did not exhaust his procedural due process claim before the state court, the Court recommends granting his motion to dismiss his petition without prejudice.

### III.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his  . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court recommends declining to issue a certificate of appealability.

**IV.** **Recommendations and Conclusions**

Based on the foregoing, the undersigned recommends that the Court:

1. Grant Petitioner's Motion to Dismiss (Doc. 21); and

2. Dismiss the petition for writ of habeas corpus without prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C   636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned  Objections to Magistrate Judge's Findings and Recommendations.  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **July 16, 2018**                                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE